**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. <u>16-10038-CR-MARTINEZ</u>**

**UNITED STATES OF AMERICA**

**vs.**

**KEVIN P. MASON BUILDER, LLC,**

**Defendant.**

_________________________________/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter referred to as "this Office") and KEVIN P. MASON BUILDER, LLC (hereinafter the "defendant" or "Mason") enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

I. Guilty Plea

A. The defendant agrees to plead guilty to the one-Count Information filed against it. Count 1 of the Information filed charges the defendant with knowingly building or causing to be built, structures within the navigable waters of the United States without authorization by the Secretary of the Army acting through the Army Corps of Engineers ("ACOE") in violation of Title 33, United States Code, Sections 403 and 406; and Title 18, United States Code, Section and 2.

B. The defendant agrees to admit that it is in fact guilty of the offense charged in the Information and that the attached Joint Factual Statement dated this same day is an accurate statement of its conduct.

II. Corporate Authorization and Organizational Changes

A. The defendant will provide to the United States written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that Mason is authorized to plead guilty to the misdemeanor offense set forth in the Information, and to enter into and comply with all provisions of this plea agreement. The resolution shall further certify that its Managing Member is authorized to take these actions and that all corporate formalities required for such authorization have been observed. The defendant agrees that its Managing Member shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

B. In consideration of the undertakings herein, Mason expressly agrees that it shall not, through a business transaction of any type, including but not limited to, a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms thereof, shall inure to the benefit of and bind assignees, successors-in-interest, or transferees of the defendant.

III. Sentencing Guidelines and Penalties

A. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The

defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in Section I.A and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

B. The defendant also understands and acknowledges that the Sentencing Guidelines advisory provisions relating to the sentencing of organizations (Chapter Eight) do not apply to the imposition of fines for environmental crimes such as that charged in Count 1. *See* Sentencing Guidelines Section 8C2.1 (Commentary-Background). The parties agree that the statutory maximum amount of the fine to be imposed under the statute charged in Count 1 is the greatest of: $200,000, Title 18, United States Code, Section 3571(c)(5), or twice the gross pecuniary gain or gross loss resulting from the offense, pursuant to Title 18, United States Code, Section 3571(d). The defendant also understands that it may be subject to a term of probation of not more than five years with respect to Count 1. Title 18, United States Code, Section 3561(c)(2). The defendant further understands the Court may order restitution to any ascertainable victim of the offense conduct pursuant to Title 18, United States Code, Section 3663 and Sentencing Guidelines Section 5E1.1.

C. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $125.00 will be imposed on the defendant, payable to the "Clerk, United States District Court" at the time of sentencing. Title 18, United States Code, Section 3013(a)(1)(B)(iii).

D. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, is a prediction, not a promise, and is not binding on the United States, the probation office or the court. The defendant further understands that any recommendation that the United States makes to the court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in Section III.A. above, that the defendant may not withdraw its plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

E. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any recommendations as to the quality and quantity of punishment.

IV. Sentence Recommendation

The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend to the court that under the advisory Sentencing Guidelines the following findings and conclusions would correctly represent the calculation of a reasonable and appropriate sentence. Further, neither party shall adopt nor argue any position with respect to sentencing in this matter contrary to the following recommendations:

A. The parties agree to recommend that the defendant be placed on organizational probation for a period of five years;

B. The parties agree to recommend, as a special condition of probation, that the defendant retain the services of a consultant and/or employee to assess the policies and procedures regarding the application for and compliance with applicable permits, and that defendant will establish, implement, and enforce an Environmental Compliance Plan (hereinafter referred to as the "ECP") consistent with Sentencing Guidelines Section 8B2.1. The ECP shall include training requirements for all employees.

C. The parties agree that pursuant to Title 18, United States Code, Section 3571 and in consideration of the factors enumerated in Title 18, United States Code, Section 3572, imposition of a criminal fine of $15,000.00, payable to the "Clerk, United States District Court" is appropriate under the relevant circumstances of this case. The parties agree to recommend that the fine be paid according to a reasonable payment schedule.

V. Additional Liability

The United States agrees that in return for the defendant's representations and undertakings in this agreement, the United States will not file additional criminal charges against it in the Southern District of Florida for violations associated with the installation of boat lifts and associated structures or the application to the ACOE for authorizations of the same in the Southern District of Florida, disclosed and known to the United States, as of the date of the signing of this plea agreement. This plea agreement does not provide or promise any waiver of any other criminal, civil, or administrative actions that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

VI. Express Waiver of Right to Appeal Guilty Plea and Sentence

The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that it has

discussed the appeal waiver set forth in this agreement with its attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of its right to appeal the sentence to be imposed in this case was knowing and voluntary.

VII. Binding Final Agreement

This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

DATE: 11/30/16 By: ______________________
Jodi A. Mazer
Special Assistant United States Attorney

**REPRESENTATIVES OF DEFENDANT**

DATE: 11/30/16 By: ______________________
SEAN T. MARCUS, ESQ.
ATTORNEY FOR DEFENDANT

DATE: 11/30/16 By: ______________________
JOHN W. ANNESSER, ESQ.
ATTORNEY FOR DEFENDANT

DATE: 11/30/2016 By: ______________________
KEVIN P. MASON BUILDER, LLC
DEFENDANT
BY KEVIN P. MASON, MANAGING MEMBER